*31 Justice Alito,
dissenting.
This case presents two questions: (1) “[wjhether the filing of a motion to reopen removal proceedings automatically tolls the period within which an alien must depart... under an order granting voluntary departure,” Brief for Petitioner i, and (2) “[wjhether an alien who has been granted voluntary departure and has filed a timely motion to reopen should be permitted to withdraw the request for voluntary departure prior to the expiration of the departure period,” 552 U. S. 1138 (2008). I agree with the Court that the answer to the first question is no. Ante, at 5.
As to the second question, the Court’s reasoning escapes me. The Court holds as follows: “Absent a valid regulation resolving the dilemma in a different way,” “the appropriate way to reconcile the” relevant provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 “is to allow an alien to withdraw the request for voluntary departure before expiration of the departure period.” Ante, at 5, 20 (emphasis added). Thus, the Court apparently does not hold that the statute compels the Government to permit an alien to withdraw a request for voluntary departure, only that the statute permits that approach, a proposition with which I agree.
Since the statute does not decide the question whether an alien should be permitted to withdraw a voluntary departure request, the authority to make that policy choice rests with the agency. See, e. g., Smiley v. Citibank (South Dakota), N. A., 517 U. S. 735, 740-741 (1996) (noting the “presumption that Congress, when it left ambiguity in a statute meant for implementation by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency”); De *32 partment of Treasury, IRS v. FLRA, 494 U. S. 922, 932-933 (1990) (refusing to sustain an agency’s decision on the ground that it was based on “a permissible (though not an inevitable) construction of [a] statute,” because the agency should define and adopt that construction “in the first instance”). Accordingly, at the time of the decision in petitioner’s case, the Board of Immigration Appeals (BIA or Board) had the authority (1) to adopt the majority’s automatic withdrawal rule (indeed, the agency has proposed a regulation to that effect, see ante, at 20), (2) to decide that withdrawal should be permitted in certain circumstances, which may or may not be present here, or (3) to hold that a motion to withdraw is never appropriate.
Neither the BIA nor the Fifth Circuit addressed petitioner’s motion to withdraw, see ante, at 7, and therefore the ground for the Board’s decision is unclear. I would affirm if the BIA either chose as a general matter not to permit the withdrawal of requests for voluntary departure or decided that permitting withdrawal was not appropriate under the facts of this case. However, if the BIA rejected the withdrawal request on the ground that it lacked the statutory authority to permit it, the Board erred. Because the ground for the BIA’s decision is uncertain, I would vacate and remand.